FILED
SUPERIOR COURT
OF GUAM

2019 MAR -8 PM 3 02

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSEPH GUEVARA, SR. | **Superior Court Case No. CV0214-18** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | **RE** |
| THOMAS BABAUTA, | **PLAINTIFF'S RULE 12(b)(6) MOTION** |
| Defendant. | |

The Court here considers whether to dismiss, strike, or render summary judgment against an alleged "failure to read" defense. Having considered the parties' arguments and applicable law and rules of civil procedure, the Court DENIES Plaintiff's Joseph Guevara's Rule 12(b)(6) Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The parties signed an agreement whereby Defendant Thomas Babauta would transfer Lot 2, Tract 63007, Yigo, Guam ("Lot 2") to Guevara. Ans. and Counterclaim ¶ 4. The Department of Land Management subsequently alerted Guevara that Babauta did not have title to Lot 2 prior to the transfer. Guevara contacted Babauta about the title issues, and Babauta refused to take any action to remedy the situation, claiming that there were mistakes in the written agreement and that the agreement was supposed to be for the transfer of the property identified as Lot 5, Tract 63007, Yigo Guam ("Lot 5") not Lot 2. Ans. and Counterclaim ¶ 11.

Guevara's complaint alleges breach of contract, fraud in the inducement, actual fraud, and oppressive conduct, and seeks the recession of the contract. Babauta responded, providing a

ORIGINAL

series of affirmative defenses and counterclaiming that Guevara had only provided him with the signature pages of the April 19 agreement, and therefore Guevara deceived or misled him into signing the agreement for Lot 2 by claiming the agreement was for Lot 5. Ans. and Counterclaim ¶ 9.

Guevara filed a "Rule 12(b)(6) Motion," alleging that the case was ripe for Rule 12(b)(6) dismissal, or alternatively, summary judgment, as Babauta's defense of 'failure to read' was not viable. Babauta responded claiming that Guevara failed to allege, with any particularity, which of the affirmative defenses he was attacking, and failed to provide any admissible evidence upon which summary judgment could be granted.

At oral argument, Guevara noted that the main concern prompting the initial Rule 12(b)(6) motion was that Babauta would argue at trial that he did not read the agreement and a jury would accept such reasoning as an acceptable defense, contrary to law.

## II.    LAW AND DISCUSSION

The Plaintiff argues that dismissal under Rule 12(b)(6) is proper because, without Babauta's purported defense of not reading the agreement, the allegations in the counterclaim are insufficient to state a claim upon which relief may be granted. Alternatively, Guevara argues that, should the Court determine that a 12(b)(6) motion is not proper, and instead treat the motion as a motion for summary judgment under Rule 56, summary judgment is proper because even in the light most favorable to Babauta, there is no genuine issue of material fact and Guevara is entitled to judgment as a matter of law. The Court will first address the Plaintiff's argument that failure to read is not a viable defense under the law, then whether dismissal under Rule 12(b)(6), 12(f), or summary judgment under Rule 56 is proper.

ORIGINAL

## A. Failure to Read is Not a Proper Defense

When a person enters into a written contract in which there is no "relation of a special trust or confidence" between the parties, and the contents of the writing are "equally open to both," then a party cannot escape liability by claiming a failure to read the contract. *Greve v. Taft Realty Co.*, 101 Cal. App. 343 (1929). When alleged, the failure to read defense is usually stricken. *Cochran v. Carter*, 132 S.E. 921, 922 (Ga. App. 1926).

Guevara complains that Babauta's defense relies on his failure to read the contract and that Babauta will argue to the jury that by not reading the agreement, he is not bound by its contents. Babauta counters that a 'failure to read' is not one of his listed affirmative defenses and that he does not intend to raise a 'failure to read' defense at trial. However, Babauta's failure to read the document may be relevant to his affirmative defenses or counterclaims of fraud or mutual mistake.

In the event Babauta intends to present evidence that he failed to read the agreement to support his affirmative defenses, the Court will instruct the jury that a failure to read a contract does not allow a party to escape liability under said contract and will clarify to the jury as to the limitations of such evidence. Prior to trial, the parties may introduce proposed jury instructions on this issue.

## B. The Plaintiff's Rule 12(b)(6) Motion Should Either be Treated as a Rule 12(f) Motion or Converted into a Rule 56 Motion for Summary judgment.

Should a party fail to state a claim upon which relief can be granted, the opposing party may move for dismissal under Guam Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is only appropriate if "it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *See Taitano v.*

ORIGINAL

*Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9 (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). However, in ruling on a 12(b)(6) motion, the Court's consideration is limited to the complaint, or in this instance, the Counterclaim. *See Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. If a 12(b)(6) motion relies upon matters outside the scope of the complaint or counterclaim, then "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Guam R. Civ. P. 12(b).

Guevara's 12(b)(6) motion attacks an underlying theory and defense that it attributes to Babauta's affirmative defenses and counterclaims, requesting that the Court "dismiss his defenses based upon his alleged failure to read." Pl.'s Rule 12(b)(6) Mot. Procedurally, Guevara's motion is not properly characterized as a 12(b)(6) motion because it is a motion to 'dismiss defenses' and therefore more akin to a 12(f) motion to strike a defense. Moreover, Guevara's motion relies on matters outside of the scope of the counterclaim, particularly that Babauta had a reasonable opportunity to review the agreement prior to signing and case law regarding a 'duty to read', and therefore would more properly be treated as a motion for summary judgment to be disposed of under Rule 56. The Court therefore denies the Motion seeking dismissal under Rule 12(b)(6).

### C. The Defendant's Motion to 'Dismiss' the Defendant's Defense Would Not Prevail Under Rule 12(f).

In oral argument, Guevara expressed that the crux of his position is that he believes that Babauta is attempting to avoid liability by claiming that he never read the contract and that Guevara would like for the Court to strike this defense. A motion to strike a defense is not covered under Rule 12(b)(6), but rather Rule 12(f) which states that the Court may, "order stricken from any pleading any insufficient defense."


ORIGINAL

However, there is no 'failure to read' defense listed in the affirmative defenses of the Answer and Counterclaim, nor has this defense been argued by Babauta, who instead appears to be arguing either fraud or mutual mistake in his counterclaim. The 'failure to read' defense is the underlying theory that Guevara is attributing to Babauta's defense and, therefore, is not an affirmative defense that the Court can strike from the pleadings.

Nonetheless, the Court believes its above decision to disallow arguments or testimony at trial that advance a 'failure to read' defense and allow arguments and testimony on Babauta's failure to read that establish an element of one of Babauta's affirmative defenses or counterclaims, adequately addresses Guevara's concerns.

### D. Summary Judgment is Not Proper Because there is a Genuine Issue of Material Fact Regarding the which Lot Guevara Agreed to Purchase from Babauta.

Summary judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that, taken in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law. *See Izuka Corp. v. Kawasho International, (Guam), Inc.*, 1997 Guam 10 ¶ 7, 8; Guam R. Civ. P. 56. A party seeking summary judgment bears the initial responsibility of providing the basis for its motion and identifying the portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Only if the movant's burden has been met must the nonmoving party "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.' *T.W. Elec. Service Inc., v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing Fed. R. Civ. P. 56(e)).

ORIGINAL

Babauta claims that Guevara failed to meet his initial responsibility of providing the basis for the motion for summary judgment, as Guevara sought to dismiss the "Defendant's proffered defense" of "failure to read" thereby leaving no question of material fact. Not only did Babauta claim several affirmative defenses, but none of them mention a failure to read the contract or agreement. *See* Ans. and Counterclaim. Based upon Guevara's failure to provide a basis for his motion that comports with the pleadings in the case, the Court agrees with Babauta that the motion for summary judgment should be dismissed.

Nonetheless, the Court also finds that there is a genuine issue of material fact such that summary judgment is not proper. In order to defeat a motion for summary judgment, all that is required is sufficient evidence supporting the claimed factual dispute that requires a jury or judge to resolve the parties' differing versions of the truth at trial. *T.W. Elec. Service Inc.*, 809 F.2d at 630. Therefore, at summary judgment, conflicting evidence is not weighed. *Id.* Furthermore, in reviewing evidence submitted at summary judgment, "[c]redibility determinations are jury functions, not those of a judge," and "[t]he evidence of the non-movant is to be believed." *McLaughlin v. Liu*, 849 F.2d 1205, 1207 (9th Cir. 1988).

In this instance, there is a clear factual dispute that requires a jury or judge to resolve the parties' differing versions of the truth at trial. It is undisputed that the parties met and executed an agreement whereby Babauta was to transfer Lot 2 to Guevara and that Babauta did not have title to Lot 2 at the time of the agreement. What is in dispute is which lot the parties met upon and orally agreed to transfer, as well as the facts surrounding the execution of the agreement.

Guevara claims that he and Babauta met on Lot 2, and Babauta agreed to sell him Lot 2. Babauta claims that he and Guevara met on Lot 5, that he agreed to sell Lot 5 to Guevara, and that either due to mutual mistake or fraud committed by Guevara, the agreement ultimately



stated that it was for the sale of Lot 2. Ans. and Counterclaim ¶ 8-9. Babauta also claims that he was only provided the signature pages of the agreement, and signed them under the assumption that the agreement was for the sale of Lot 5, as he claims the parties agreed upon. Ans. and Counterclaim ¶ 9.

Therefore, when taking the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, in the light most favorable to Babauta, there is a genuine issue of material fact such that the Court cannot grant Guevara judgment as a matter of law. There is a genuine issue of material fact as to whether the parties met on, and agreed to the sale of, Lot 2 or Lot 5, as well as whether Babauta signed the agreement for the sale of Lot 2 due to fraud, or the mutual mistake of both parties.

Due to these factual disputes, the Court finds that Babauta could prevail on an affirmative defense or counterclaim, and therefore Guevara is not entitled to judgment as a matter of law. Accordingly, the Court denies Guevara's motion for summary judgment.

## III.     CONCLUSION

Based on the foregoing arguments, the Court **DENIES** the Motion to Dismiss under Rules 12(b)(6), 12(f), and 56.

SO ORDERED this 8th day of March 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

GUMATAOTAO
M. Williams
Date: 3/8/19  Time: 3:30pm

Deputy Clerk, Superior Court of Guam

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:  Gary W.F. Gumataotao, Gumataotao & Pole, P.C., for Plaintiff
                     Mark E. Williams, Law Offices of Mark E. Williams, P.C., for Defendant

